UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


NILRATAN JAVERY,

      Plaintiff,

  v.

LUCENT TECHNOLOGIES INC.
LONG-TERM DISABILITY PLAN FOR
MANAGEMENT OR LBA EMPLOYEES,

      Defendant.

Case No. 2:09-cv-00008
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant's motion to dismiss (Doc. # 5), Plaintiff's memorandum in opposition (Doc. # 8), and Defendant's reply memorandum (Doc. # 10). For the reasons that follow, this Court finds the motion not well taken.

**I. Background**

Plaintiff, Nilratan Javery, previously worked as an employee of Lucent Technologies Inc. By virtue of that employment, Plaintiff was covered by Defendant, Lucent Technologies Inc. Long Term Disability Plan for Management or LBA Employees, a welfare benefit plan under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). According to the Complaint, Plaintiff began experiencing back pain in November 2002, and by May 19, 2005, Plaintiff could no longer work due to the pain. Plaintiff applied for and received short-term disability benefits. Defendant denied Plaintiff's subsequent application for long-term disability

1

benefits, however, and Plaintiff's two appeals of that denial proved equally unsuccessful. Plaintiff then filed the instant action on January 7, 2009. The Complaint asserts an ERISA claim for benefits under 29 U.S.C. § 1132(a)(1)(B). Defendant has filed a motion to dismiss the action, or, in the alternative, for summary judgment. The parties have completed briefing on the motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Plaintiff has set forth a claim upon which this Court may grant relief. Under the United States Supreme Court's articulation of the analytic standard involved in applying this rule, this Court must construe the pleading in favor of the party asserting a claim, accept the factual allegations contained in that party's pleading as true, and determine whether the factual allegations present a plausible claim. *See Bell Atlantic Corp . v. Twombly*, 550 U.S. 554, 570 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic* as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litig.*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))). To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007); *Tucker v. Middleburg-Legacy Place, LLC*, No. 1:07CV2015, 2007 WL 3287359, at *2 (N.D. Ohio Nov. 5, 2007). Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp.*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526

F.3d 291, 295 (6th Cir. 2008).

In the alternative, Defendant seeks summary judgment. Both sides rely on evidence extrinsic to the pleading, which prompts consideration of whether this Court should indeed convert the Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. Rule 12 permits such conversion, stating:

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). What this means is that generally a court must provide the parties notice of its intent to convert, although under various circumstances notice is not always required. *See Cunningham v. Osram Sylvania, Inc.*, 221 F. App'x 420, 423 (6th Cir. 2007) (concession of both parties that conversion is appropriate negates need for notice of intent to convert). Given that both parties have submitted extrinsic evidence departing from the pleading–and given that Plaintiff urges such conversion (Doc. # 8, at 6)–Defendant's motion unquestionably falls into that narrow set of circumstances in which conversion is warranted without additional notice or opportunity to respond. The Court shall treat the motion as seeking summary judgment.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*,

328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**B. Analysis**

Defendant seeks summary judgment on the grounds that the doctrine of judicial estoppel bars Plaintiff's action. In discussing the doctrine, the Sixth Circuit has explained:

> "Judicial estoppel is an equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217-18 (6th Cir. 1990); *see also New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). "The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (quoting *Teledyne,* 911 F.2d at 1218). The doctrine of judicial estoppel, however, "is applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement." *Teledyne,* 911 F.2d at 1218 (footnote omitted). Moreover, a court should consider whether a party has gained an unfair advantage from the court's adoption of its earlier inconsistent statement. *New Hampshire,* 532 U.S. at 751, 121 S.Ct. 1808.

*Longaberger Co. v. Kolt*, 586 F.3d 459, 470 (6th Cir. 2009). Thus, the core issues here are (1) whether Plaintiff is asserting a position that is contrary to one that he asserted under oath in a prior proceeding, (2) whether a prior court adopted the contrary position either as a preliminary matter or as part of a final disposition, and (3) whether, if both one and two are answered affirmatively, application of the equitable doctrine is warranted.

In its motion, Defendant asserts that Plaintiff failed to disclose the potential assets that his claim for benefits constitutes in a prior bankruptcy proceeding. Plaintiff concedes a possible failure to disclose (or at least to disclose with the proper label), but argues that because such non-disclosure was an error, application of judicial estoppel to defeat his benefits claim would be

4

unjust. This Court agrees with Plaintiff.

The Court has reviewed the affidavits of Plaintiff and his wife, as well as proffered documentation, which indicate that any non-disclosure was at best inadvertent and will be remedied. Uncontested evidence indicates that Plaintiff's wife prepared information for their bankruptcy attorney that included the benefits claim at issue in this case. Additional uncontested evidence indicates that Plaintiff and his spouse were not aware of any mislabeling of the claim or its omission.

There is some question as to whether the benefits claim was incorrectly named as a workers' compensation claim under potential assets in the bankruptcy filing. Plaintiff's bankruptcy counsel states in a letter that the claim was disclosed on the bankruptcy petition Schedule B as a possible workers' compensation claim because that is what Plaintiff told his counsel the claim was; it appears that Plaintiff also described the claim to his counsel as a social security disability claim. (Doc. # 8-1, at 10, Ex. C-1, Letter from Bankruptcy Counsel.) The letter from bankruptcy counsel also indicates that Plaintiff indicated at a meeting with his creditors that the possible asset "was a claim against Lucent." (Doc. # 8-1, at 10, Ex. C-1, Letter from Bankruptcy Counsel.)

There is no apparent question that Plaintiff was not functioning at optimum levels during the period involved in the bankruptcy proceedings. In his affidavit, Plaintiff states that he suffers from mental illness, that he had been hospitalized for "most of a month" before the bankruptcy papers involved were filed, and that his spouse had handled the bankruptcy issues. (Doc. # 8-1, Ex. B, N. Javery Aff. ¶ 4.) Plaintiff also avers that he "was not aware at the time [he] signed the [bankruptcy] papers that the long-term disability claim was not listed among the claim" and that

5

he "was not coherent enough at the time [he] signed those documents to understand very much about them." (Doc. # 8-1, Ex. B, N. Javery Aff. ¶ 6.) Echoing a statement made by his bankruptcy counsel in the aforementioned letter, Plaintiff asserts in his affidavit that "the Chapter 13 Plan will be amended to reflect the long-term disability claim." (Doc. # 8-1, Ex. B, N. Javery Aff. ¶ 7.)

The affidavit of Plaintiff's spouse also indicates that she handled "most of the details with respect to the bankruptcy" because Plaintiff was "quite ill at that time." (Doc. # 8-1, Ex. C-1, S. Javery Aff. ¶ 3.) Plaintiff's spouse asserts that she had met with the bankruptcy counsel multiple times, that she had disclosed the long-term disability claim to counsel, and that she "was not aware at the time [she] signed the papers that the long-term disability claim was not listed among the claims." (Doc. # 8-1, Ex. C-1, S. Javery Aff. ¶¶ 5, 7.) She also states that it is her understanding that amendment of the bankruptcy papers will occur to include the long-term disability claim and that she "did not intend that the existence of [Plaintiff's] long-term disability claim be hidden from the bankruptcy judge, bankruptcy trustee, or any of our creditors." (Doc. # 8-1, Ex. C-1, S. Javery Aff. ¶ 9, 10.)

Defendant has failed to produce any evidence that the foregoing factual assertions are incorrect. In light of such uncontested evidence–and even assuming *arguendo* that there has been a conflicting prior representation upon which the bankruptcy court relied–this Court can only conclude that there is no basis for applying the equitable doctrine of judicial estoppel under these circumstances. There is simply no basis to infer intentional concealment.

The Court recognizes that Defendant has directed this Court to cases in which courts have applied judicial estoppel to bar claims. None of these cases involved a scenario such as the

one presented here in which uncontested evidence suggests only carelessness or inadvertent error as opposed to misguided attempts at strategic concealment or a changing of positions arising from impermissible gamesmanship.

As noted above, the Sixth Circuit has urged courts to apply judicial estoppel with caution to avoid impinging on the truth-seeking function of the court. Application of the doctrine here would preclude getting to the merits based on what the only evidence before this Court characterizes as at best inadvertent error. Moreover, the Sixth Circuit has held that "judicial estoppel does not apply where the prior inconsistent position occurred because of 'mistake or inadvertence.' " *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 425 (6th Cir. 2005) (quoting *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002)). Although the instant case presents facts not falling precisely within situations the appellate court has recognized as constituting mistake or inadvertence, this Court is mindful that the claim at issue was apparently divulged in a bankruptcy proceeding meeting and that Plaintiff has stated that amendment will occur. Such factors weigh in favor of not applying the doctrine here. *See Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 898-99 (6th Cir. 2004).

The United States Supreme Court has also explained that "judicial estoppel is 'an equitable doctrine invoked by the court at its discretion.' " *Lorillard v. Tobacco v. Chester, Willconx & Saxbe*, 546 F.3d 752 (6th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). This Court in its discretion therefore declines to apply judicial estoppel based on the specific facts present in this action.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss. (Doc. #

5.)

**IT IS SO ORDERED.**

                                      /s/ Gregory L. Frost
                                    GREGORY L. FROST
                                    UNITED STATES DISTRICT JUDGE