UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NILRATAN JAVERY,**

    **Plaintiff,**

vs.

    Civil Action 2:09-cv-00008
    Judge Gregory L. Frost
    Magistrate Judge E. A. Preston Deavers

**LUCENT TECHNOLOGIES, INC**
**LONG TERM DISABILITY PLAN FOR**
**MANAGEMENT OR LBA EMPLOYEES,**

    **Defendant.**

## ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Protective Order (Doc. 23), Defendant's Memorandum in Opposition (Doc. 27), and Plaintiff's Reply Memorandum (Doc. 28). For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

**I.**

This case arises under the Employee Retirement Income Security Act of 1974, 28 U.S.C. § 1001 *et seq.* ("ERISA"). Plaintiff, Nilratan Javery, brought this action against Defendant, Lucent Technologies, Inc. Long Term Disability Plain for Management or LBA Employees (the "Plan"), asserting an ERISA claim for long-term disability benefits under 28 U.S.C. § 1132(a)(1)(B).

On May 28, 2010, the Plan issued a Notice of Deposition, seeking to take Plaintiff Javery's deposition. On June 10, 2010, Plaintiff filed the subject Motion for Protective Order, seeking an Order from the Court barring the proposed deposition.

**II.**

The Plan seeks to depose Plaintiff on matters relating to potential setoff or mitigation and also on the facts and circumstances relating to its judicial estoppel defense. Federal Rule of Civil Procedure 26(b)(1) permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Because the Plan seeks discovery outside the scope of Rule 26(b)(1), the Court finds that Plaintiff is entitled to a protective order.

**A.     Discovery Relating to Setoff or Mitigation**

The Plan advances two reasons for denying Plaintiff's motion. First, the Plan asserts that "information relating to setoff or mitigation clearly is relevant to [Plaintiff's] claims and therefore subject to discovery." (Def.'s Mem. in Opp. 6.) Second, the Plan asserts that Plaintiff's failure to comply with this Court's local rules warrants denial of his motion. The Court addresses each of these arguments in turn.

Information relating to setoff or mitigation is not relevant to Plaintiff's claims. Plaintiff asserts a single claim for long-term disability benefits. This Court, in reviewing the Plan's denial of benefits, must conduct its review "based solely on the administrative record" unless evidence outside the record is "offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). Consequently, "*any prehearing discovery at the district court should be limited to such procedural challenges.*" *Id.* (emphasis added); *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 431 (6th Cir. 2006) ("[U]ntil a due process violation is at least colorably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is

2

impermissible."). Here, Plaintiff does not assert any allegations relating to lack of due process. Plaintiff asserts a single claim under ERISA, and discovery is not permitted with respect to that claim. *See id*. Contrary to the Plan's assertion, Plaintiff's prayer for relief does not constitute a claim. *Cf. Hamma v. Intel Corporation*, No. 2:07-cv-01795, 2008 WL 648482, at *2 (E.D. Cal. March 4, 2008) (defendants not entitled to conduct discovery regarding possible offsets in ERISA benefits case where plaintiff sought reinstatement and payment of retroactive and future benefits, but where there was no claim disputing the terms of the plan providing for offset). Whether and to what extent any offsets may apply to Plaintiff's claim is an issue to be resolved, in the first instance, by the Plan's administrator, not this Court. *See* 29 C.F.R §§ 2560.503-1(b), 2560.503-1(g), and 2560.503-1(m)(4); *Williams v. Hartford Life & Accident Ins. Co.,* No. C2-08-128 (S.D. Ohio, Nov. 30, 2009) (Doc. 43) (declining to consider offset issues that were not documented in the administrative record). Should the Court award benefits to Plaintiff or remand this case to the administrator, the Plan's administrator will have ample opportunity to gather evidence relating to the application of offsets.

Plaintiff, in filing the subject Motion for a Protective Order, did not violate Southern District of Ohio Local Civil Rule 37.1. Local Rule 37.1, entitled "Consultation Among Counsel; Informal Discovery Dispute Conference," provides that:

> Objections, motions, applications, and requests relating to discovery shall not be filed in this Court, under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. After extrajudicial means for the resolution of differences about discovery have been exhausted, then in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37 and S. D. Ohio Civ. R. 37.2, any party *may first seek an informal telephone conference* with the judicial officer assigned to supervise discovery in the case.

S.D. Ohio Civ. R. 37.1 (emphasis added). The emphasized language demonstrates that the local

3

rule *permits*, but does not require either party to seek an informal telephone conference with the Court prior to filing a motion under Federal Rules of Civil Procedure 26 or 37. *See id*. Thus, Plaintiff's filing of the subject motion did not violate Local Rule 37.1. Further, contrary to the Plan's assertions, the evidence demonstrates that Plaintiff did not expressly agree to discovery of any potential setoffs to the Plaintiff's benefit amount. Finally, before Plaintiff filed the subject motion, the parties sufficiently exhausted all extrajudicial means for resolving the differences. After exchanging emails about the production of information relating to offset, Plaintiff's counsel suggested to the Plan's counsel: "If you are still interested in a deposition, my suggestion is that you notice it, I will file for a protective order, and we will leave the issue to the Court." (April 21, 2010, email message from Tony Merry to James Stone (Doc. 27-2 at 3)). The Plan's counsel responded: "I want to proceed with noticing your client for deposition . . . . I understand that you will file for a protective order or a motion to quash the notice . . . ." (May 25, 2010, email message from James Stone to Tony Merry (Doc. 27-2 at 1)).

In sum, discovery in the instant case relating to offset or mitigation is not permissible under Rule 26(b)(1) because it is not relevant to Plaintiff's sole claim or Defendant's defenses to that claim. Further, Plaintiff did not violate Local Rule 37.1 by filing the subject motion. Accordingly, Plaintiff's motion, insofar as it relates to setoff or mitigation discovery, is well-taken.

**B.    Discovery relating to the Judicial Estoppel Defense**

The Plan is not entitled to discovery on its judicial estoppel defense. In this Court's February 18, 2010, Opinion and Order (Doc. 14), the Court considered and denied the Plan's Motion to Dismiss (Doc. 5), which was premised upon its judicial estoppel defense. "Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case

4

for subsequent stages of that same litigation." *Rouse v. DaimlerChrysler Corp. UAW*, 300 F.3d 711, 715 (6th Cir. 2002) (citation omitted). The doctrine is "meant to promote judicial efficiency . . ." *Omimex Energy Inc. v. Blohm*, No. 09-1158, 2010 WL 1531320, at *8 (6th Cir. April 16, 2010). As noted by the Plan, because the Court's earlier ruling on the Plan's judicial estoppel defense has not been adopted by a higher court, the Court's application of the law-of-the-case doctrine is discretionary. *See Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004); *see also* Fed. R. Civ. P. 54(B). A court should only disregard its own earlier decision, however, "under 'extraordinary conditions.'" *Blohm*, 2010 WL 1531320, at *8. Such conditions do not exist here. Consequently, the Court's finding that Plaintiff's ERISA benefits claim is not precluded by the doctrine of judicial estoppel is conclusive and binding. Because judicial estoppel is no longer part of the Plan's defense, any discovery relating to judicial estoppel is outside the scope of Rule 26(b)(1). Accordingly, Plaintiff's Motion, insofar as it relates to judicial estoppel discovery, is well-taken.

### III.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Protective Order (Doc. 23).

**IT IS SO ORDERED.**

June 28, 2010                              /s/ *Elizabeth A. Preston Deavers*
                                                     Elizabeth A. Preston Deavers
                                                     United States Magistrate Judge

5